UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIE G. WOOLFOLK,<br><br>    Plaintiff,<br><br>    v.<br><br>ST. VINCENT DE PAUL,<br><br>    Defendant. | Case No. 1:20-cv-00021-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Willie G. Woolfolk's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Woolfolk's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Woolfolk's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will GRANT Woolfolk's application to proceed in forma pauperis and will allow him to pay the filing fee over time. Further, the Court finds Woolfolk's Complaint legally sufficient to survive initial review.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or

MEMORANDUM DECISION AND ORDER - 1

defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Woolfolk's application to proceed in forma pauperis and finds it does not conclusively establish his indigence. Woolfolk lists his monthly income as $2426.00 and his monthly expenses as $1,735.00. Dkt. 1, at 2, 4. In short, Woolfolk has approximately $700 in discretionary income each month. Thus, the Court determines Woolfolk is not indigent and cannot proceed without pre-payment of the filing fee.. That said, the Court will allow Woolfolk to pay this fee over time to reduce any financial burden. Woolfolk must pay the fee in $200 monthly installments.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is

MEMORANDUM DECISION AND ORDER - 2

immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a Court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction "…over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

Here, Woolfolk accuses St. Vincent de Paul (his former employer) of violating his civil rights. Dkt. 1, at 11. As part of his Complaint in this case, Woolfolk included his United States Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Suit Rights. Dkt. 2-2. In those submissions, Woolfolk states he was discriminated against "because of [his] race." Dkt. 2-3, at 3. Woolfolk contends St. Vincent de Paul

discriminated against him multiple times from approximately June 1, 2016, to September 7, 2018. Dkt. 2-3, at 3. In the EEOC's dismissal paperwork, it noted it was closing the file of Woolfolk's accusations because "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the states. No finding is made as to any other issues that might be construed as having been raised by this charge." Dkt. 2-2, at 1. Additionally, it appears Woolfolk filed a charge of discrimination with the Idaho Human Rights Commission on April 8, 2019 (Dkt 2-3, at 6), however, he did not include any determination from the Idaho Human Rights Commission in his documentation to this Court.

At face value, Woolfolk's complaint contains issues all arising from violations of the Civil Rights Act of 1964, Title 42, Chapter 21, Subchapter VI—a federal statute—which provides this Court with jurisdiction under § 1331. Woolfolk accuses St. Vincent de Paul of discriminatory conduct—specifically that he was "denied promotion, subject ted to harassment, unfair discipline, retaliation, and discharge." Dkt. 2, at 4.

The Civil Rights Act of 1964 states, in relevant part, that "It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).

"To establish a prima facie hostile-work-environment claim, a plaintiff must show "(1) the defendants subjected [him] to verbal or physical conduct based on [his] race; (2)

the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Tatum v. Davita Healthcare Partners*, Inc., 790 Fed. Appx. 58, 60 (9th Cir. 2019) (citing *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008)). Additionally, to establish a prima facie case of retaliation, Woolfolk "must show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Id*. (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)).

In this case, Woolfolk states during the entirety of his employment he was subjected to "frequent and ongoing harassment by employees and my supervisors." Dkt. 2-3. The EEOC had the option of dismissing Woolfolk's claims in its investigatory discretion. Specifically, under its form, it could have chosen "[t]he facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC." Dkt. 2-2, at 1. It did not, however, make any determination. While the EEOC's determination (or lack thereof) does not hold any substantive weight in a Court's final analysis, it is nonetheless noteworthy to the Court and helps Woolfolk overcome the low threshold at this early stage. Accordingly, the Court finds Woolfolk's complaint sufficient to survive initial review.

## IV. CONCLUSION

Woolfolk's application to proceed in forma pauperis does not establish his indigency, however, the Court will allow Woolfolk to pay the filing fee over time. Woolfolk must pay $200 a month towards the filing fee. Additionally, Woolfolk's Complaint is legally sufficient at this stage and this case may proceed.

## V. ORDER

1. Woolfolk's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein. Woolfolk need not prepay the fee in full; however, Woolfolk must pay $200.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule may result in dismissal of this case without further notice. The first payment is due on or before the last day of May 2020. The Court will allow Woolfolk to file and serve the Complaint before this payment is received.

2. After an initial review of the Complaint, the Court will allow Woolfolk to proceed with his claims against Defendants.

3. Woolfolk may proceed with service of the Summons of his Complaint in accordance with applicable procedures.[1]

DATED: May 1, 2020

David C. Nye
Chief U.S. District Court Judge

---

[1] The Court advises Woolfolk that he is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Woolfolk may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm.