UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIE G. WOOLFOLK,<br><br>                    Plaintiff,<br><br>v.<br><br>ST. VINCENT DE PAUL,<br><br>                    Defendant. | Case No. 1:20-cv-00021-JCG<br><br>**OPINION AND ORDER** |

### INTRODUCTION

Pro se Plaintiff Willie G. Woolfolk ("Plaintiff"), an African-American man who worked as a truck driver, filed a complaint against his former employer, Defendant St. Vincent de Paul of Southwest Idaho ("Defendant") for discrimination in violation of Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. § 2000e et seq. See Am. Compl. at 1–3 (Dkt. 10) ("Amended Complaint" or "Am. Compl."). Plaintiff alleges that Defendant's discriminatory conduct based on race and color included wrongful termination, denial of promotion, unequal terms and conditions of employment, retaliation, and hostile work environment. Id. at 4. Before the Court are five motions filed by Plaintiff and Defendant.

### BACKGROUND

Defendant filed a Motion to Quash Subpoenas, for Protective Order and Request for Sanctions. Def. St. Vincent de Paul's Notice Mot., & Mot. Quash Subpoenas & Protective Order & Req. Sanctions (Dkt. 22); see Mem. Supp. St. Vincent de Paul's Mot.

**OPINION AND ORDER - 1**

Quash Subpoenas, Protective Order & Req. Sanctions (Dkt. 22-1) ("Motion to Quash, for Protective Order and Sanctions" or "Mot. Quash, Protective Order, Sanctions"). Plaintiff did not respond. Defendant filed a Motion to Strike. Def. St. Vincent de Paul's Notice Mot., & Mot. Strike Dkt. 23 (Dkt. 27); Def.'s Resp. Pl.'s Filing (Dkt. 23) & Mot. Strike Dkt. 23 (Dkt. 28) ("Defendant's Motion to Strike" or "Def.'s Mot. Strike"). Plaintiff did not respond. Plaintiff filed a motion for summary judgment, Claims Mot. J. (Dkt. 33) ("Plaintiff's Motion for Summary Judgment" or "Pl.'s Mot. Summ. J."), to which Defendant responded, Def.'s Resp. Opp'n Pl.'s Mot. Summ. J. (Dkt. 46) ("Def.'s Resp. Summ. J."). Plaintiff filed a motion for contempt, Mot. Contempt (Dkt. 38) ("Plaintiff's Motion for Contempt" or "Pl.'s Mot. Contempt"), to which Defendant responded, Def.'s Resp. Opp'n Pl.'s Mot. Contempt (Dkt. 51) ("Def.'s Resp. Mot. Contempt"). Defendant filed Defendant's Notice of Motion for Rule 11 Sanctions and a Memorandum of Points and Authorities in Support of Defendant's Motion for Sanctions Under Rule 11. Def.'s Notice Mot. Rule 11 Sanctions (Dkt. 53); Mem. Points & Authorities Supp. Def.'s Mot. Sanctions Under Rule 11 (Dkt. 57) ("Defendant's Rule 11 Motion" or "Def.'s Rule 11 Mot."). Plaintiff did not respond. For the following reasons, the Court grants in part and denies in part Defendant's Motion to Quash, for Protective Order and Sanctions, and denies Defendant's Motion to Strike, Plaintiff's Motion for Summary Judgment, Plaintiff's Motion for Contempt, and Defendant's Rule 11 Motion.

## LEGAL STANDARDS

The Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff accuses

**OPINION AND ORDER - 2**

Defendant of violating the Civil Rights Act of 1964, Title 42, Chapter 21, Subchapter VI through discriminatory conduct based on Plaintiff's race and color. Am. Compl. at 4; see 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national original."). As this action involves a question of federal law, this Court has original jurisdiction.

A pro se litigant is more likely to make errors in pleadings than counsel, and the Court will construe the filings and motions of Plaintiff liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010); McCabe v. Arave, 827 F.2d 634, 640 n.6 (9th Cir. 1987) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2nd Cir. 1983)). Pro se litigants are still required, however, to become familiar with and comply with all Local Rules of the United States District Court for the District of Idaho, as well as the Federal Rules of Civil Procedure. Dist. Idaho Loc. Civ. R. 83.7. Pro se litigants "should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986). It is not the duty of the Court to act as a party's lawyer or search the entire record for evidence. Bias v. Moynihan, 508 F.3d 1212, 1219 (9th. Cir. 2007); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

## DISCUSSION

### I. Defendant's Motion to Quash, for Protective Order and Sanctions

Plaintiff served nine subpoenas on December 23, 2020. See Proof of Service (Dkt.

**OPINION AND ORDER - 3**

21) ("Proof of Service"). Defendant filed the Motion to Quash, for Protective Order and Sanctions opposing the subpoenas, arguing that the subpoenas should be quashed based on procedural defects, vagueness, ambiguity, overbreadth, and privilege. Mot. Quash, Protective Order, Sanctions at 2–3. Defendant asks the Court to issue a protective order to prohibit Plaintiff from serving Federal Rules of Civil Procedure Rule 45 ("Rule 45") subpoenas on Defendant, to direct Plaintiff to utilize the proper tools of discovery under Federal Rules of Civil Procedure Rules 33 and 34, and to impose sanctions against Plaintiff for willful ignorance of Rule 45. Id. at 3.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to seek during discovery any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(1). Rule 45 governs how parties and the Court should handle matters regarding subpoenas. See Fed. R. Civ. P. 45. Subsection (d)(1) of Rule 45 provides that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The subsection further provides that the Court may impose an appropriate sanction for failure to comply with this requirement. Id.; see Legal Voice v. Stormans Inc., 738 F.3d 1178, 1185 (9th Cir. 2013) (stating that sanctions under Fed. R. Civ. P. 45(d)(1) are discretionary). Subsection (d)(3)(A) of Rule 45 provides that the Court must quash a subpoena if the subpoena fails to allow a reasonable time to comply, requires disclosure of privileged or other protected

**OPINION AND ORDER - 4**

matter if no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i), (iii), (iv). The Court may issue an order to protect individuals subject to subpoena from undue burden or expense upon a showing of good cause. Fed. R. Civ. P. 26(c)(1).

Plaintiff addressed subpoenas to nine different individuals, but served all of the subpoenas on Defendant's office. See Proof of Service; Mot. Quash, Protective Order, Sanctions at 5. The subpoenas are directed to four individuals employed by Defendant, four individuals who were previously employed by Defendant, and one independent contractor. Mot. Quash, Protective Order, Sanctions at 5. Each subpoena demands production by January 7, 2021. Id. at 6. In each of the nine subpoenas, Plaintiff seeks:

> [A] list of all those disciplined and/or discharged by the same individual(s) that made the recommendation and/or decision to discipline and/or discharge Charging Party by full name, race, dates of employment and job title, in addition to the full name, race, dates of employment, and job title of supervisor(s) and/or decision maker(s) and reason(s) for discipline and/or discharge.

Id.

### A.     Motion to Quash

Defendant argues that the subpoenas are substantively invalid and should be quashed because they are too vague and ambiguous as to be answerable, are overly broad, and seek privileged materials. Id. at 2–3. Defendant also requests that the Court quash the subpoenas due to procedural defects such as: (1) Plaintiff's violation of Rule 45(a)(4) and 28 U.S.C. § 1915(d), requiring Plaintiff to move the Court for pre-approval and issuance of the subpoenas; (2) Plaintiff's violation of Rule 45(a)(4), requiring Plaintiff to

**OPINION AND ORDER - 5**

provide Defendant notice and copies of the subpoenas prior to service; (3) Plaintiff's violation of Rule 45(b)(1), requiring proper service of the subpoenas; (4) Plaintiff's violation of Rules 33 and 34 by demanding a response to his discovery subpoenas that was less than thirty days; and (5) using the wrong discovery device of a subpoena rather than document requests or interrogatories. Id. at 2.

The Court recognizes that as a pro se plaintiff, Plaintiff may not be aware of the procedural rules that the Parties must follow, but Plaintiff is required to become familiar with and comply with all Local Rules of the United States District Court for the District of Idaho and the Federal Rules of Civil Procedure. See Dist. Idaho Loc. Civ. R. 83.7. Certain procedural defects may be overlooked in balancing the needs of the case and the Court will grant Plaintiff some leeway as a pro se litigant, but the Court cannot overlook whether requests are beyond the scope of discovery or whether the burden or expense of the proposed discovery outweighs its likely benefits. See Fed. R. Civ. P. 26(b)(1).

The Court agrees with Defendant that Plaintiff's subpoenas are confusing to decipher. It is difficult to understand what discoverable information Plaintiff is seeking in these subpoenas. The Court discerns that Plaintiff may be seeking the full name, race, dates of employment, and job title of any supervisors and decision makers who made the recommendation or decision to discipline or discharge Plaintiff, and a list of names of other employees who were disciplined or discharged by those same supervisors and decision makers, with the reasons why those employees were disciplined or discharged. It is unclear whether the "Charging Party" referred to in the subpoena is Plaintiff. The Court concludes that the subpoenas are confusing at best, are overly broad with the

**OPINION AND ORDER - 6**

potential of disclosing privileged or other protected matter, and are likely to subject the nine individuals to undue burden if required to comply fully with the subpoena requests as currently drafted.  In addition, Plaintiff has not supported his request to justify the disclosure of sensitive information, including the human resources files of Defendant's current and former employees.  The Court grants the motion to quash the nine subpoenas.

The Court will allow Plaintiff to clarify his request for information and explain what discovery he seeks that is relevant to proving the discrimination allegations in the Amended Complaint.  To cure the procedural defects related to the subpoenas, the Court recommends that Plaintiff file an application or motion with the Court to have subpoenas served pursuant to Rule 45(b), and to provide in the application or motion more specific information that is sought from each witness, and why that information is relevant to the Title VII claims alleged in Plaintiff's Amended Complaint.

### B.   Motion for Protective Order and Sanctions

The Court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense upon a showing of good cause. Fed. R. Civ. P. 26(c)(1).  The Court may impose sanctions against parties who fail to avoid causing undue burden or expense on parties subject to subpoena.  Fed. R. Civ. P. 45(d)(1); see Legal Voice, 738 F.3d at 1185.  Defendant seeks a protective order "prohibiting [Plaintiff] from issuing Rule 45 subpoenas when Rule[s] 33 and 34 discovery devices are available."  Mot. Quash, Protective Order, Sanctions at 16. Defendant also seeks sanctions due to Plaintiff failing to comply with the Local Rules of the United States District Court for the District of Idaho and the Federal Rules of Civil

**OPINION AND ORDER - 7**

Procedure and willfully ignoring the legal advice of opposing counsel. Id. at 18. Defendant avers that it has incurred substantial legal fees defending itself against Plaintiff's baseless subpoenas. Id. at 18–19.

Because Plaintiff failed to comply with the rules of the U.S. District Court for the District of Idaho and the Federal Rules of Civil Procedure when issuing his subpoenas, the Court will impose a sanction against Plaintiff in the form of quashing Plaintiff's nine subpoenas. The Court is unwilling to impose monetary sanctions against Plaintiff, a pro se litigant navigating the early stages of discovery, for choosing not to follow the legal advice of opposing counsel. Similarly, the Court will not issue a protective order that would restrain Plaintiff's ability to obtain relevant information during discovery. The Court advises Plaintiff to become more familiar with the U.S. District Court for the District of Idaho's rules and to consider using the discovery tools of interrogatories and document requests under Rules 33 and 34 of the Federal Rules of Civil Procedure, or consider hiring legal counsel or obtaining pro bono counsel if he cannot navigate and abide by the procedural rules of the U.S. District Court for the District of Idaho. The Court grants Defendant's motion for sanctions and denies Defendant's motion for a protective order.

## II.    Defendant's Motion to Strike

Plaintiff filed a notice on January 12, 2021. See Notice (Dkt. 23) ("First Notice"). The substance of Plaintiff's First Notice informs the Court of the Parties' difficulties regarding discovery and suggests that Defendant's counsel should be held in contempt. See id. at 2. Plaintiff concludes the notice by stating "[i]n fairness and courtesy in

**OPINION AND ORDER - 8**

Discovery Procedure I file this Motion to the Court." Id. at 3.  Defendant moved to strike Plaintiff's First Notice.  See Def.'s Mot. Strike.  Defendant objects to Plaintiff's First Notice as "inappropriate," due to its failure to comply with the U.S. District Court for the District of Idaho Local Civil Rules 5.2 and 7.1 and asks the Court to strike it from the docket.  Id. at 2–3; see also Dist. Idaho Loc. Civ. R. 5.2, 7.1.

Because Plaintiff has not complied with local procedural rules to file a motion properly, the Court does not construe Plaintiff's First Notice as a motion for contempt. See Dist. Idaho Loc. Civ. R. 83.7.  The docket reflects that Plaintiff filed a "Notice" to the Court rather than a motion.  It is a well-established principle that district courts have inherent powers to control their dockets and it is the Court's intention for the docket to reflect all of the Parties' filings.  See Ready Transp., Inc. v. AAR Mfg., 627 F.3d 402, 404 (9th Cir. 2010) (citation omitted).  The Court concludes that Plaintiff's First Notice is not a motion for contempt that requires a response and decision, but is a mere notice to the Court.  Defendant's Motion to Strike is denied.

### III. Plaintiff's Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment alleges that the "Burdon [sic] of Proof and Elements under the EEOC, charge number 551-2019-01276 is in clear violation of Title VII of the Civil Rights Act of 1964 as amended."  Pl.'s Mot. Summ. J. at 1.

A party may move for summary judgment by identifying each claim on which summary judgment is sought, and a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial

**OPINION AND ORDER - 9**

burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Ruffin v. Cnty. of L.A., 607 F.2d 1276, 1280 (9th Cir. 1979).  If the moving party satisfies the initial burden, the opposing party must produce specific facts showing a genuine issue of material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983).

To establish racial or color discrimination claims under 42 U.S.C § 2000e-2, Plaintiff must show that: (1) he belongs to a protected class; (2) he performed his job in a satisfactory manner; (3) he suffered an adverse employment action; and (4) Defendant treated him differently than other employees with qualifications similar to his who did not belong to the same protected class.  See 42 U.S.C § 2000e-2(a); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 658 (9th Cir. 2002).  When determining if a party is entitled to summary judgment in the absence of a genuine issue of material fact, the court views the evidence in the light most favorable to the opposing party.  See Matsushita, 475 U.S. at 587.

Plaintiff alleges that he has shown by "a preponderance of the evidence that Defendant's negligence and disregard of their [sic] own policies and procedures has been established in claim U.S.C. § 2000e etswq [sic]."  Pl.'s Mot. Summ. J. at 1.  In support of his motion for summary judgment, Plaintiff claims that Defendant failed "to produce documents of Plaintiff[']s position (Lead Driver) and responsibilities and the evaluations, training performance, personality issues, grievances, etc.[,] and/or any incident of conflict

**OPINION AND ORDER - 10**

under Plaintiff[']s position as 'Lead Driver'" which "point[ed] to . . . Defendant's violation of Title VII, Civil Rights Act of 1965." Id. at 3. Plaintiff asserts that Defendant refused to comply with requests from the Equal Employment Opportunity Commission ("EEOC") during the underlying administrative proceeding of Plaintiff's claim by failing to produce any fact-based position statements. Id. at 1. Plaintiff also claims that Defendant refused to comply with an EEOC order to provide a list of "all those disciplined and/or decision to discipline and/or discharge charging party by full name, race, dates of employment and job title, in addition to full name, race, dates of employment and job title of supervisors and/or decision makers and dates and reason for discipline and/or discharge." Id. at 2.

Defendant argues that Plaintiff's Motion for Summary Judgment does not follow procedures under the Local Rules for U.S. District Court for the District of Idaho and Rule 56 of the Federal Rules of Civil Procedure, is based on claims never asserted in the Amended Complaint, and lacks evidentiary support. Def.'s Resp. Summ. J. at 2–3.

Plaintiff filed a supplement to his Motion for Summary Judgment (Dkt. 52) ("Pl.'s Supp."), in which Plaintiff argues that Defendant has "suppressed documents filed by Plaintiff" and that Defendant "had [sic] only produce [sic] falsified accounts and documentation that does [sic] not support the facts." Pl.'s Supp. at 1.

The Court considers whether Plaintiff has made a sufficient showing of undisputed facts in his summary judgment motion to prevail on his Title VII discrimination claims as a matter of law. After considering the facts and arguments asserted by Plaintiff, the Court concludes that Plaintiff's Motion for Summary Judgment fails to establish

**OPINION AND ORDER - 11**

undisputed facts to prevail as a matter of law under Title VII that he belongs to a protected class, that he performed his job in a satisfactory manner, that he suffered an adverse employment action, and that Defendant treated him differently than other employees with qualifications similar to his who did not belong to the same protected class.  See 42 U.S.C § 2000e-2(a).  Plaintiff's Motion for Summary Judgment claims that there is a "clear violation of Title VII of the Civil Rights Act of 1964," but the Court observes that Plaintiff fails to specify which statutory provisions were violated or what evidence demonstrates conduct that violated the statute.  See Pl.'s Mot. Summ. J. at 1.  Although Plaintiff makes a conclusory statement that "evidence seems to be overwhelmingly sufficient to establish all of the elements in his claim," the Court notes that Plaintiff does not cite any evidence in support of his arguments, nor does he specify what claim or what elements have been satisfied.  See id. at 2.  Plaintiff cites the administrative proceeding before the EEOC as evidence of Defendant's negligence, but it is not apparent to the Court how the EEOC proceedings constitute violations of Title VII of the Civil Rights Act of 1964.  Plaintiff does not elaborate what documents have been omitted from Plaintiff's discovery requests or how those omissions establish a violation of Title VII of the Civil Rights Act of 1964.  It seems that Plaintiff's Motion for Summary Judgment alleges grievances with Defendant's compliance with discovery requests, rather than addressing any substantive issues under a Title VII discrimination claim.

      The Court concludes that Plaintiff's Motion for Summary Judgment fails to show that there is no genuine dispute as to any material fact and that Plaintiff is entitled to

**OPINION AND ORDER - 12**

judgment as a matter of law.  The Court denies Plaintiff's Motion for Summary Judgment.

### IV. Plaintiff's Motion for Contempt

Plaintiff filed a duplicate of his First Notice as Plaintiff's Motion for Contempt. See Pl.'s Mot. Contempt.  Plaintiff argues that pursuant to Rule 45(g), Defendant should be held in contempt for failure to obey Plaintiff's subpoenas.  See id. at 1.  Plaintiff's Motion for Contempt lists three examples to show that Defendant should be found in contempt: (1) Plaintiff alleges that Defendant failed to produce certain documents under EEOC Discovery request Charge number 551-2019-01276; (2) Plaintiff alleges that Defendant misrepresented that an employee subpoenaed by Plaintiff was an independent contractor; and (3) Plaintiff claims that he had documented and filed paperwork during his employment with Defendant regarding incidents of "harassment, verbal disagreements, theft, on the job injuries, and all compliance" with Defendant's policies and procedures, but these documents were "omitted for some unknown reason with no explanation why." Id. at 2.  Defendant opposes Plaintiff's Motion for Contempt as procedurally defective, meritless, and frivolous.  Def.'s Resp. Mot. Contempt at 2.

Because the Court has decided to quash the subpoenas, the Court denies as moot Plaintiff's Motion for Contempt.

### V. Defendant's Rule 11 Motion for Sanctions

Defendant filed a Federal Rules of Civil Procedure Rule 11 ("Rule 11") motion asking the Court to apply sanctions against Plaintiff due to his "categorically frivolous" court filings. Def.'s Rule 11 Mot. at 2.  Defendant argues that sanctions are appropriate

**OPINION AND ORDER - 13**

because Plaintiff has refused to withdraw and continues to submit frivolous court filings. Id. at 8.

Under Rule 11(c), the Court may impose sanctions after determining that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c). Rule 11(b) provides in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). As this Court has stated, Plaintiff is a pro se litigant and the Court will provide some leeway to Plaintiff. Defendant claims that Plaintiff's filings are frivolous and made without "reasonable and competent inquiry," Def.'s Rule 11 Mot. at 7–8, but the Court will not issue sanctions against a pro se litigant for filing the motions that Plaintiff has submitted thus far. The Court denies Defendant's Rule 11 Motion.

**OPINION AND ORDER - 14**

## CONCLUSION

The Court suggests to Plaintiff that he become familiar with and follow the Local Rules of the U.S. District Court for the District of Idaho and the Federal Rules of Civil Procedure, or consider hiring counsel if he cannot follow the Court's rules and procedures. If he cannot afford to hire counsel, the Court suggests that Plaintiff may want to consider contacting local bar associations or pro bono clinics at area law schools to obtain pro bono counsel.

## **ORDER**

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

(1) Defendant's Motion to Quash, for Protective Order and Sanctions (Dkt. 22) is GRANTED in part and DENIED in part as follows:

    (a) Defendant's motion to quash subpoenas is GRANTED.

    (b) Defendant's motion for sanctions is GRANTED.

    (c) Defendant's motion for protective order is DENIED.

(2) Defendant's Motion to Strike (Dkt. 27) is DENIED.

(3) Plaintiff's Motion for Summary Judgment (Dkt. 33) is DENIED.

(4) Plaintiff's Motion for Contempt (Dkt. 38) is DENIED AS MOOT.

(5) Defendant's Rule 11 Motion for Sanctions (Dkt. 53) is DENIED.

(6) The Parties shall file a joint proposed scheduling order with the Court on or before October 22, 2021. If the Parties are unable to agree on a joint

**OPINION AND ORDER - 15**

proposed scheduling order, each Party shall file its own proposed scheduling order with the Court on or before October 22, 2021.

DATED: September 23, 2021

 /s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge*

---

* Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 16**